UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD WRIGHT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CAUSE NO. 3:18-CV-203-PPS-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

<u>OPINION AND ORDER</u>

Ronald Wright, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (SBW 18-01-0004) where a Disciplinary Hearing Officer (DHO) found him guilty of violating a condition of the Community Re-Entry Center/Community Transition Program in contravention of Indiana Department of Correction (IDOC) policy B-250 on January 8, 2018. ECF 2 at 1. As a result, he was sanctioned with the loss of 30 days earned credit time. *Id.* The Warden has filed the administrative record and Wright filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Wright was found guilty of violating a condition of his Community Re-Entry Center/Community Transition Program in contravention of IDOC policy B-250. As is relevant here, an inmate violates IDOC offense B-250 by "[f]ailing to report to work/school as scheduled, being absent from work/school, failing to return to the

2

center/program within prescribed time limits unless approved by the Facility Head." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

>The Conduct Report charged Wright as follows:
>
>On the above date and approximate time, I, CCW Omanson, spoke to Human Resources (HR) at Lippert Components. HR stated that they were terminating the employment of Offender Wright #163832 for cause. HR stated that Mr. Wright had not clocked out nor received permission from his supervisor before leaving the company property.

ECF 9-1 at 1.

As a threshold matter, the DHO had sufficient evidence to find Wright guilty of violating offense B-250. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. In this case, CCW Omanson, a Lippert Components ("Lippert") official, prepared a conduct report detailing Wright's violation of his Community Re-Entry Center/Community Transition Program. ECF 9-1 at 1. Omanson based his report on a key confidential memo prepared by a Lippert's Human Resources ("HR") employee. The confidential memo detailed the fact that Wright was observed on Lippert's security video footage leaving the company's parking lot in a small car at 8:01 p.m. on the night of January 3, 2018, and returning to the property at 10:04 p.m. that same night. ECF 9-1 at 2. The HR employee noted Wright had not "punched out" when he left the property and did not have permission to leave Lippert. *Id*. As a result of his unexcused absence, Wright was terminated from his employment at Lippert. *Id*.

3

The record also contains another document which shows Wright violated offense B-250. ECF 9-1 at 3. This document—Wright's handwritten statement—details his own admission that, on January 3, 2018, "[his] daughter came to [his] place of employment and [he] went to the parking lot and got into her car." *Id*. He further admitted that "[w]e pulled out of the rear parking area and around to the front parking lot located on Jeanwood Drive." *Id*. In other words, by Wright's own admission, he acknowledges he was in a car with his daughter and away from his work station without permission from company officials. Given Omanson's conduct report—coupled with Wright's own confession—there was more than "some evidence" for the DHO to find Wright guilty of violating offense B-250. *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (in assessing the sufficiency of the evidence, the court "need look no further than one key piece of evidence: [his] confession"). Therefore, the DHO's finding that Wright was guilty was neither arbitrary nor unreasonable in light of these facts.

Nevertheless, in his petition, Wright argues his due process rights were violated because the DHO denied his request for security video footage of the incident. ECF 2 at 2. Here, he requested the video footage to show he "did not leave [Lippert's] property" on January 3, 2018. ECF 9-2 at 1. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1004 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996).

4

Contrary to Wright's assertion, he was not improperly denied evidence. Rather, the video footage from the day of the incident was not available. Here, the DHO first noted that fact in Wright's screening report. ECF 9-2 at 1. Next, in the return to the order to show cause, the Warden explained the video footage could not be obtained because the incident occurred on Lippert's property, a private company. ECF 9 at 4-5. In other words, the Warden neither had control of nor authority to produce the footage for the disciplinary hearing. *Id*. And here due process does not require prison officials to issue a subpoena to obtain information for a disciplinary hearing. To the contrary, the Seventh Circuit has noted that an inmate's request for a civilian witness could not be granted because "she was no longer an employee of the prison, and the Board lacked compulsory process to require civilians to appear before it." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Furthermore, this reasoning comports with the procedural requirements for disciplinary cases addressed by federal courts. *See Wolff*, 418 U.S. at 556 ("the full panoply of rights due a defendant in such proceedings does not apply"); *Lenea v. Lane*, 882 F.2d 1171, 1173-74 (7th Cir. 1989) ("It is well-settled that prison disciplinary proceedings are sui generis, governed by neither the evidentiary rules of a civil trial, a criminal trial, nor an administrative hearing."). Therefore, the DHO appropriately denied Wright's request for video footage because the incident occurred on the property of a company outside of the prison's control.

Furthermore, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have

5

aided [the prisoner's] defense." *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Here, Wright has not identified anything from the video footage that would prove to be exculpatory or that might have aided his defense. As discussed, the video footage documented Wright's departure from the company parking lot in his daughter's car at 8:01 p.m. on the night of January 8, 2018, and his return to the property at 10:04 p.m. ECF 9-1 at 2. Moreover, by his own admission, Wright acknowledges he was in a car with his daughter and away from his work station for about two hours without the permission of company officials. ECF 9-1 at 3. On the basis of these facts, even if the hearing officer had improperly excluded this evidence, it would have been a harmless error. Therefore, Wright has not identified a basis for granting habeas corpus relief.

To the extent Wright argues that prison officials violated his due process rights because they failed to follow IDOC policy when they denied his request for video footage, that contention also fails. ECF 2 at 2. In this regard, Wright claims the DHO was required to complete a video evidence review form, and provide him with a copy of that form 24 hours before the hearing, but the DHO never did so. *Id.* However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had

6

"no bearing on his right to due process"). Therefore, Wright's claim regarding violations of prison policies cannot be remedied in a habeas corpus petition.

If Wright wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Ronald Wright's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

**SO ORDERED**.

ENTERED: December 21, 2018.

/ s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**